IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY MACK and LISA SCHULTZ on behalf of themselves and others similarly situated, Plaintiffs, | ) ) ) ) | 1:12-cv-8056 |
| v. | ) ) ) | |
| CONVERGENT OUTSOURCING, INC., Defendant. | ) ) ) | JURY DEMANDED |

**COMPLAINT**

**CLASS ACTION**

1. Plaintiffs Shirley Mack and Lisa Schultz bring this action against debt collection agency Convergent Outsourcing, Inc., formerly known as Convergent Outsourcing, Inc. f/k/a ER Solutions, Inc., for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Defendant or some third party authorized by defendant, has repeatedly called and harassed both plaintiffs, and others', cellular telephones using an autodialer and/or artificial or prerecorded voice.

**JURISDICTION AND VENUE**

3. The Court has federal question jurisdiction over the TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 744 (2012). Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

4. Plaintiffs are individuals who reside in this District.

1

5. Convergent Outsourcing, Inc. is a debt collection agency located in Washington state. It regularly makes collection calls into this District.

**FACTS**

6. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

7. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011) (emphasis original).

8. Defendant used equipment that has the capacity to dial numbers without human intervention, to dial plaintiffs' and others' cellular telephones.

9. Defendant also used unattended messages that had been recorded ahead of time, to make calls to plaintiffs' cellular telephones.

10. Plaintiffs did not consent to these calls. Nobody in the class consented, either, by virtue of the class definition.

11. Plaintiffs and the class were damaged by defendant's calls. Their rights were violated, privacy was improperly invaded, they were annoyed and were forced to tend to the unwanted calls.

## COUNT I – TCPA – Class Claims

12. Plaintiffs incorporate all previous paragraphs of this complaint.

13. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

14. Plaintiffs and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic telephone dialing system.

15. The defendant's calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

## **Class Allegations**

16. Plaintiffs bring Count I on behalf of a class and a subclass, which consist of:

All persons nationwide who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention and/or using an artificial or prerecorded voice, where phone number called was obtained through some source other than directly from the called party (e.g. skip tracing or calls were to the wrong number) as to the alleged debt being collected, where any call happened on or after October 9, 2008, ongoing.

17. Plaintiffs are members of this class.

18. Numerosity is satisfied. There exists no reason to use an automatic dialer or prerecorded message other than to dial a large amount of debtors in a short amount of time.

19. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendant used an automatic telephone dialing system as that term is defined in the TCPA and applicable FCC regulations and orders;

    b. Whether defendant used an "artificial or prerecorded voice" as that term is used in the TCPA and applicable FCC regulations and orders; and

    c. Damages, including whether the violation was willful.

20. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have no interests that might conflict with the interests of the class. Plaintiffs are interested in pursuing their claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

21. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

22. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

23. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

24. The identity of the class is likely readily identifiable from defendant's records.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of themselves and the class and against defendant that provides at least the following relief:

  a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

  b. A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message;

  c. A declaration that defendant's equipment constitutes an "automatic telephone dialing system" and its unattended messages use an "artificial or prerecorded voice" pursuant to the TCPA; and

  c. Any other relief the Court finds just and proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiffs demand a trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiffs hereby demand that the defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiffs or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiffs or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiffs demand that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke