**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHIRLEY MACK and LISA SCHULTZ, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 1:12-cv-8056 |
| v. | ) ) | Honorable Judge Marvin E. Aspen |
| CONVERGENT OUTSOURCING, INC., | ) ) | Magistrate Judge Sheila Finnegan |
| Defendants. | ) ) ) | |

**CONVERGENT OUTSOURCING, INC.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant, Convergent Outsourcing, Inc. ("Defendant"), by and through its attorneys, Gordon & Rees, LLP, respectfully submits its Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint ("Complaint"), and states as follows:

1. Plaintiffs Shirley Mack and Lisa Schultz bring this action against debt collection agency Convergent Outsourcing, Inc., formerly known as Convergent Outsourcing, Inc. f/k/a ER Solutions, Inc., for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:** Defendant admits that Plaintiffs purport to bring this action against Defendant pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, but denies liability under the statutory provisions set forth in the Complaint.

2. Defendant or some third party authorized by defendant, has repeatedly called and harassed both plaintiffs, and others', cellular telephones using an autodialer and/or artificial or prerecorded voice.

**ANSWER:** Defendant denies the allegations contained in Paragraph 2 of the Complaint, and on that basis denies same.

## JURISDICTION AND VENUE

3.   The Court has federal question jurisdiction over the TCPA claims. *Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740, 744 (2012). Venue is proper because a substantial portion of the events complained of occurred in this District.

**ANSWER:** Defendant admits that this Court has jurisdiction over this action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and on that basis denies same.

## PARTIES

4.   Plaintiffs are individuals who reside in this District.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and on that basis denies same.

5.   Convergent Outsourcing, Inc. is a debt collection agency located in Washington state. It regularly makes collection calls into this District.

**ANSWER:** Defendant admits that it is a corporation chartered under Washington law with its principal offices in Renton, Washington. Defendant further admits that it provides consumer accounts receivable management services, including consumer collection services. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint, and on that basis denies same.

## FACTS

6    The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

**ANSWER:**    Defendant admits only that the TCPA prohibits the use of an "automatic telephone dialing system" to a cellular telephone under specific conditions as defined and interpreted by courts and the Federal Communications Commission.

7.    "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011) (emphasis original).

**ANSWER:**    Paragraph 7 of the Complaint purports to put forth a statement of law. To the extent a response is necessary, Defendant denies the allegation contained in paragraph 7 of the Complaint.

8.    Defendant used equipment that has the capacity to dial numbers without human intervention, to dial plaintiffs' and others' cellular telephones.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and on that basis denies same.

9.    Defendant also used unattended messages that had been recorded ahead of time, to make calls to plaintiffs' cellular telephones.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis denies same.

10.    Plaintiffs did not consent to these calls. Nobody in the class consented, either, by virtue of the class definition.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and on that basis denies same. Answering further, Defendant denies the existence of the class.

11.    Plaintiffs and the class were damaged by defendant's calls. Their rights were violated, privacy was improperly invaded, they were annoyed and were forced to tend to the unwanted calls.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and on that basis denies same. Answering further, Defendant denies the existence of the class.

### COUNT I – TCPA – CLASS CLAIMS

12.    Plaintiffs incorporate all previous paragraphs of this complaint.

**ANSWER:**    Defendant incorporates its answers to Paragraphs 1 through 11 of this Complaint as its answer to Paragraph 12, as though fully set forth herein.

13.    It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

**ANSWER:**    Defendant admits only that Plaintiffs have set forth a portion of the language provided in TCPA, 47 U.S.C. § 227, but denies that Plaintiffs have set forth the entirety of that statute. Answering further, Defendant denies that any actions by Defendant give rise to Plaintiffs' claim, and further denies it has engaged in any wrongdoing.

14. Plaintiffs and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic telephone dialing system.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations in Paragraph 14 of the Complaint.

15. The defendant's calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

**ANSWER:** Defendant denies the allegations in Paragraph 15 of the Complaint.

## CLASS ALLEGATIONS

16. Plaintiffs bring Count I on behalf of a class and a subclass, which consist of:

All persons nationwide who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention and/or using an artificial or prerecorded voice, where phone number called was obtained through some source other than directly from the called party (e.g. skip tracing or calls were to the wrong number) as to the alleged debt being collected, where any call happened on or after October 9, 2008, ongoing.

**ANSWER:** Defendant admits only that Plaintiffs purport to bring this action on behalf of a putative class of individuals, as defined in Paragraph 16, but denies that certification of the purported putative class is appropriate pursuant Fed. R. Civ. P. 23, and further denies all allegations of fact concerning any wrongdoing.

17. Plaintiffs are members of this class.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis denies same.

18. Numerosity is satisfied. There exists no reason to use an automatic dialer or prerecorded message other than to dial a large amount of debtors in a short amount of time.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations in Paragraph 18 of the Complaint.

19. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendant used an automatic telephone dialing system as that term is defined in the TCPA and applicable FCC regulations and orders;

    b. Whether defendant used an "artificial or prerecorded voice" as that term is used in the TCPA and applicable FCC regulations and orders; and

    c. Damages, including whether the violation was willful.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations in Paragraph 19 of the Complaint.

20. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have no interests that might conflict with the interests of the class. Plaintiffs are interested in pursuing their claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations in Paragraph 20 of the Complaint.

21. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and the allegations in Paragraph 21 of the Complaint.

22. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations in Paragraph 22 of the Complaint.

23. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations in Paragraph 23 of the Complaint.

24. The identity of the class is likely readily identifiable from defendant's records.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations in Paragraph 24 of the Complaint.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations in Paragraph 25 of the Complaint.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Defendant hereby states as follows:

### First Affirmative Defense

Plaintiffs lack standing to assert the claim asserted in the Complaint because Plaintiffs have not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether Plaintiffs seek only statutory damages. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It would appear self-evident that the recipient of a cell phone call would first be required to demonstrate cognizable injury; that is, that she was both (1) charged, and (2) paid, for the call. *See* 47 U.S.C. §227(b)(1)(A)(iii).

### Second Affirmative Defense

The Plaintiffs' claims are barred by the applicable statute of limitations. *See* 735 ILCS 5/13-202. (providing for a two-year limitations period on statutory penalties and personal injury); *See also, Italia Foods, Inc. v. Sun Tours, Inc*., No. 2-08-1148, 2010 Ill. App. LEXIS 145, at *74 (Ill. App. 2d Dist. February 10, 2010) (not resolving whether the two-year or four-year statute of limitations period applies to TCPA claims).

### Third Affirmative Defense

Plaintiffs' claims are barred by the doctrine of unclean hands because, *inter alia*, Plaintiffs attempted to induce Defendant to violate the TCPA by specifically requesting that Defendant call Plaintiffs on their respective cell phone numbers and, on information and belief, as a result of misrepresentations or the intentional withholding of information by Plaintiffs in connection with the underlying debt and debt application.

**Fourth Affirmative Defense**

Plaintiffs are estopped from claiming any damages, if any, because they assisted, directed, ordered, approved and/or ratified Defendant's conduct by specifically requesting that Defendant call Plaintiffs on their respective cell phone numbers and Defendant relied on Plaintiffs' actions to its detriment.

**Fifth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because at all times Plaintiffs and one or more of the purported members of the putative class expressly consented to Defendant's conduct as described in Plaintiffs' Complaint including, but not limited to, by providing his or her cellular telephone number as a contact number relative to the underlying debt.

**Sixth Affirmative Defense**

Defendant asserts that all or part of the relief sought by the putative plaintiffs may be barred by illegality, fraud, prior material breach, and/or breach of the duty of good faith and fair dealing arising out of, but not limited to, Plaintiffs' fraudulent conduct and the providing of false information during negotiations and contracting for the underlying debt that is subject of the Complaint in this action.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred because they failed to mitigate their damages. *See Thomas v. Exxon Mobil Corp.*, No. 07-C-7131, 2009 U.S. Dist. LEXIS 11109, *11 (N.D. Ill. February 11, 2009) ("[W]here discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts.")

**Eighth Affirmative Defense**

To the extent that the Complaint seeks putative class damages, the aggregated statutory damages, if any, may result in potential ruinous liability for Defendant and may constitute excessive fines in violation of the United States Constitution, Eighth Amendment.

**Ninth Affirmative Defense**

Plaintiff has failed to name all necessary and indispensable parties to this action.

**Tenth Affirmative Defense**

Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA. 47 U.S.C. § 227(C)(5).

**Eleventh Affirmative Defense**

The alleged use of equipment that has the capacity to dial numbers without human intervention as claimed in the Complaint do not constitute an automatic telephone dialing system as defined under 47 U.S.C §227.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred due to privilege, absolute or qualified, including, but not limited to, the litigation privilege and/or the common interest privilege.

**Thirteenth Affirmative Defense**

When one accepts credit, such as the plaintiff, here, the plaintiff impliedly consents for the creditor, such as Defendant, here, to take reasonable steps to pursue payment even though it may result in actual, though not actionable, invasion of privacy. In the debtor-creditor situation, the right of a debtor to privacy is subject to the right of a creditor to take reasonable steps to collect the debt.

WHEREFORE, Convergent Outsourcing, Inc. denies that Plaintiffs are entitled to judgment against it, and requests that this Court dismiss this case with prejudice, and grant Defendant such further relief as the court deems just and equitable including recovery of attorneys' fees and costs.

### JURY DEMAND

Convergent Outsourcing, Inc. demands trial by a jury on all issues triable by a jury.

Dated: November 7, 2012      Respectfully submitted,

**Gordon & Rees, LLP**

By: /s/Paul Gamboa
One of the Attorneys for Defendant
Convergent Outsourcing, Inc.

Craig J. Mariam (Admitted to General Bar #CA225280)
J. Hayes Ryan (ARDC #6274197)
Paul Gamboa (ARDC #6282923)
Gordon & Rees LLP
One North Franklin, Suite 800
Chicago, Illinois 60606
(312) 565-1400 (Telephone)
(312) 565-6511 (Facsimile)
*Attorneys for Convergent Outsourcing, Inc.*

CONV/1084162/14028590v.1